# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NOBLE KOBIE COLE-BEY, | ) |
| | ) |
|     Petitioner, | ) |
| v. | )   No: 1:12-cv-351-JMS-DML |
| | ) |
| SUPERINTENDENT, Plainfield | ) |
|  Correctional Facility, | ) |
| | ) |
|     Respondent. | ) |

**Entry Concerning Selected Matters**

**I.**

The petitioner's custodian, named in his official capacity only and as shown in the caption above, is substituted as the respondent in this action.

**II.**

The petitioner shall have through April 11, 2012, in which to either pay the five dollar filing fee for this action or demonstrate his financial inability to do so.

**III.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts.*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. §2254(b)(1)). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

The petitioner shall have **through April 11, 2012,** in which to **supplement** his petition for a writ of habeas corpus by stating whether and how he has exhausted available state judicial remedies.

**IT IS SO ORDERED.**

Date: _03/21/2012_

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Kobie Cole-Bey**
**104442 B4-54**
**Plainfield Correctional Facility**
**727 Moon Rd.**
**Plainfield, IN  46168**